UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9293 CAS (SHx) | Date | December 6, 2012 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. AGUSTIN VASQUEZ | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:** (IN CHAMBERS): NLRB'S APPLICATION FOR ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA AD TESTIFICANDUM (Docket #1, filed October 30, 2012)

**I.  INTRODUCTION**

On October 30, 2012, plaintiff National Labor Relations Board ("NLRB") filed an application in this Court pursuant to 29 U.S.C. § 161(2) for an order requiring compliance with a subpoena ad testificandum issued to respondent Agustin Vasquez ("Vasquez"). No opposition has been filed. Plaintiff's application is before the Court.

**II.  BACKGROUND**

The subpoena that is the subject of this application was issued in connection with the NLRB's investigation of an unfair labor practice charge. The charge was filed on April 10, 2012 by Teamsters Local 630 ("the Union") against Marquez Brothers Enterprises, Inc. ("Marquez") with Region 21 of the NLRB. The charge alleged, among other things, that Marquez retaliated against employees for engaging in protected activity. The NLRB's investigation seeks to determine, among other things, whether it should file a complaint against Marquez. Respondent Vasquez is an employee at Marquez.

The subpoena was issued to respondent on September 7, 2012, and requests that he provide testimony about four separate points related to the termination of Luis Ramos, a former Marquez employee. See NLRB Ex. 2. The subpoena required Vasquez to appear to give testimony on September 26, 2012. Id. Respondent did not appear, prompting the NLRB to file this application. NLRB Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9293 CAS (SHx) | Date | December 6, 2012 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. AGUSTIN VASQUEZ | | |

### III.  ANALYSIS

The Ninth Circuit has explained that "[t]he scope of [a court's] inquiry in an agency subpoena enforcement proceeding is narrow." NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir. 1996).  In such a proceeding, the Court considers three questions: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Id.  If these three questions are answered in the affirmative, the subpoena must be enforced unless the opposing party shows that the subpoena is overbroad or unduly burdensome. Id.

Congress has granted the NLRB authority to investigate.  Pursuant to 29 U.S.C. § 161(1), the NLRB has broad authority to "issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." North Bay Plumbing, 102 F.3d at 1008.

Additionally, the NLRB has not violated procedural requirements in this case.  The NLRB is granted broad authority to pursue an investigation in 29 U.S.C. § 161(1), which states that the NLRB may pursue information that "relates to any matter under investigation."  Furthermore, § 11770.2 of the NLRB's Casehandling Manual Part One Unfair Labor Practice Proceedings ("CHM") states that a Regional Director has "full discretion to issue precomplaint investigative subpoenas ad testificandum . . . seeking evidence from parties and third party witnesses whenever the evidence sought would materially aid" the decision whether to issue a complaint. See CHM §§ 11770, 11770.2.

Finally, the subpoena is relevant to the NLRB's investigation.  Here, the NLRB is investigating a charge filed by the union that Marquez "has suspended and/or terminated Luis Ramos, Jose Castillo, Omar Martinez and Brian Guzman in retaliation for their engaging in union and/or protected concerted activity." NLRB Ex. 1 (see section labeled "basis of charge").  The information sought by the subpoena is plainly relevant to investigating this charge: it seeks information regarding the facts that led to the termination of Ramos.  NLRB Ex. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-9293 CAS (SHx) | Date | December 6, 2012 |
| Title | NATIONAL LABOR RELATIONS BOARD V. AGUSTIN VASQUEZ | | |

## IV. CONCLUSION

The NLRB's application for an order requiring compliance with the subpoena is hereby GRANTED. Respondent is ORDERED to give testimony and answer questions

related to the matters to be covered in the attachment to Subpoena ad Testificandum No. D-198258.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |